UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA FAYE GRIFFIN,

        Plaintiff,

v.

        Case No. 20-cv-62-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

The plaintiff, who is representing herself, has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is married (but separated), and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no income for herself, and indicates that her spouse's monthly wages or salary is $2,000. Id. at 2. The plaintiff lists no expenses, and says that she lives with her son. Id. at 2-3. The plaintiff owns a 2012 Highlander worth approximately $100, she does not own a home or any other property of value, and she has

$10 cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I can no longer live independent—loss of spouse . . . Now I have to live with my son and grandchildren; I feel very degraded and a sense of hope[]less. I have live 8 yrs with no income. I was a productive member of society, faithful worker . . . I am too embarrassed to accept food stamps. I just want to be whole again and self supportive." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff filed her complaint on this district's standard form. Dkt. No. 1. She indicates that she is seeking Social Security disability insurance and that she is seeking review of an unfavorable final decision by the Commissioner of the Social Security Administration. Id. at 2-3. She does not provide information about when the unfavorable decision(s) were issued, when asked the date of the Administrative Law Judge's decision, the plaintiff wrote "denied your request for review," and she left blank the line for the date of the Appeals

Council's notice or determination. Id. at 3. The plaintiff states, "I worked 28 years in education Administrative Judge's decision was based on my high school education and not two Master's Degree—the judge suggestive that I could be a 'feeder or general labor/factory'—the vocation tech stated there are no jobs I could do/male student put plastic bag over my head; another male student punched me in the chest, pushed me into a file cabinet and struck me several times. From August to December I had 30 assaults—less than 6 mo. I have a therapist for PTSD, depression aniexty (reoccureance of night mares The judge stated 'If I could go to computer class that meet once weekly The psycholist suggested I take a class." Id. at 3. Because the plaintiff is not represented by counsel, the court liberally construes her complaint and finds that she may possibly state a claim that the Commissioner's denial of benefits was not supported by substantial evidence and/or may be contrary to law and regulation. The court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 17th day of January, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**